# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MELISSA GRIFFIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 1:24-CV-29 |
| | § | |
| MARKET BASKET | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION ON DEFENDANT MARKET BASKET'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL AND SUPPLEMENTAL COMPLAINTS AND COMPEL ARBITRATION (DOC. #17)

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the court referred this proceeding to the undersigned magistrate judge for entry of findings and recommendation on case-dispositive motions and determination of non-dispositive matters. Pending before the court is Defendant Market Basket's Motion to Dismiss Plaintiff's Original and Supplemental Complaints and Compel Arbitration. (Doc. #17.)

### I.     BACKGROUND

On January 25, 2024, Plaintiff Melissa Griffin, proceeding *pro se*, filed this action alleging discrimination based on a disability in violation of Title VII of the Civil Rights Act. Griffin was granted *in forma pauperis* status on January 26, 2024. (Doc. #3.) The undersigned determined that additional information was necessary to understand Plaintiff's claim and an order to amend the complaint was issued on February 28, 2024. Plaintiff responded to the order on March 8, 2024. (Doc. #9.) Thereafter the undersigned ordered the United States Marshal Service to serve process on the defendant. (Doc. #13.) Defendant Market Basket first appeared in the case on May 1, 2024 requesting additional time to file its response to the Original Complaint. (Doc. #16.) Leave to

extend time was granted ordering Market Basket to file its responsive pleading on or before June 3, 3024.

Market Basket filed the instant motion on June 3, 2024 requesting that the case be dismissed in favor of binding arbitration under FED. R. CIV. P. 12(b)(3) and because Plaintiff fails to properly state a claim under Rule 12(b)(6). (Doc. #17.) As part of its motion to dismiss in favor of arbitration, Market Basket asserts that Griffin in contractually bound to arbitrate her claims pursuant to an arbitration agreement executed as part of her employment documents. Market Basket also asserts that the Plaintiff's case should be dismissed rather than stayed while arbitration is pending.

Plaintiff has not filed a response to the Defendant's motion and the time to do so has passed.

## II.   ANALYSIS

### A. Arbitration Clause

1.   Relevant Law and Legal Standards

In addressing a motion to compel arbitration, the court must determine whether the parties agreed to arbitrate and whether there is any federal statute or policy that renders the claims non-arbitrable. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). When considering whether parties have agreed to arbitrate a dispute, "there are two considerations: [first,] whether there is a valid agreement to arbitrate between the parties; and [second,] whether the dispute in question falls within the scope of that arbitration agreement." *Gallagher v. Vokey*, 860 F. App'x. 354, 356 (5th Cir. 2021); *Will-Drill Res., Inc.*, 352 F.3d at 214. "Whether parties have agreed to arbitrate is a gateway matter ordinarily committed to the trial court and controlled by state law[.]" *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 631 (Tex. 2018); *see*

*also Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (stating that whether a valid arbitration agreement exists is determined "according to state law").

Under Texas law, "[i]n construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties *as expressed in the instrument*." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (emphasis added). If a valid arbitration agreement exists, then a "strong presumption favoring arbitration arises and we resolve doubts as to the agreement's scope in favor of arbitration." *Rachal v. Reitz*, 403 S.W.3d 840, 850 (Tex. 2013) (internal quotations omitted).

"The scope of an arbitration clause is determined based on the complaint's factual allegations rather than the legal causes of action asserted." *Glassell Producing Co. v. Jared Res., Ltd.*, 422 S.W.3d 68, 77 (Tex. App. — Texarkana 2014, no pet.). In determining whether a claim falls within the scope of an arbitration agreement, absent "any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T Technologies, Inc. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (characterizing as "broad" an arbitration clause requiring arbitration for "any differences arising with respect to the interpretation of this contract").

2. The Arbitration Agreement Demonstrates the Parties' Intent to Arbitrate

Defendant attached two documents to its motion to compel: exhibit A entitled "Arbitration Policy and Procedures" and exhibit B entitled "Employee Arbitration Agreement and Acknowledgment of Amended Arbitration Policy and Procedures". (Docs. ##17-1, 17-2.) Exhibit B contains a printed signature of the plaintiff. (Doc. #17-2.) Plaintiff has not responded to the Defendant's motion and therefore has not challenged the authenticity of the documents or whether

she signed them.[1] Plaintiff's failure to respond to the motion is construed to mean that the Plaintiff has no facts or evidence to offer in contravention of the motion. E.D. TEX. LOC. R. CV-7(d).

After determining that the arbitration agreement is genuine, the relevant inquiry is whether the dispute in question falls within the Agreement. The following is excerpted from page 3 of the Arbitration Agreement: "The types of claims covered by this Agreement, include but are not limited to, any and all of the following: …

> Whether statutory or under any other theory, all claims of unlawful employment practices and unlawful, termination, harassment, hostile work environment, or discrimination (including claims based on military service, veteran status, race, sex, pregnancy, religion, national origin, age, mental or physical health condition or disability, generic, information or history and any other legally protected statuses recognized in the employees state of employment and further including, but not limited to claims under the Title VII of the Civil Rights Act, the American with Disabilities Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, the Genetic Information Nondiscrimination Act, the National Labor Relations Act, the Taft Hartly Act, the Labor Management Relations Act, all statutes protecting veterans or others engaging in military service, and all applicable laws governing employments practices, and all claims of retaliation, in alleged violation of any law; …

(Doc. #17-1 at 3-4.) Based on the clear language of the Agreement and the facts asserted by Plaintiff of discrimination based upon a disability, Plaintiff's claims are covered under the arbitration agreement.

Neither party has directed the court to any federal statute or policy rendering any of Plaintiff's claims non-arbitrable. Accordingly, Plaintiff's claims for discrimination based on her disability must proceed through arbitration.

---

[1] Here, Defendant does not provide any evidence that the signature is genuine, but in *Wright v. Hernandez*, a Texas appellate court held "that a party is not required to produce evidence to establish the genuine nature of a signature on an arbitration agreement in the absence of a sworn challenge to the signature." 469 S.W.3d 744, 752 (Tex. App.—El Paso 2015, no pet.).

Defendant also asserts that Plaintiff's claims under Rule 12(b)(6) must be dismissed for failure to state a claim. Having determined that Plaintiff's claims must proceed in arbitration, the undersigned recommends denying the motion to dismiss under 12(b)(6) grounds as moot. Defendant's assertions that Plaintiff fails to properly state a claim can be raised in arbitration.

Finally, Defendant asserts that rather than stay this proceeding in favor of arbitration, that well-established Fifth Circuit law dictates that that the proper course is dismissal, citing *Alford v. Dean Witter, Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992). *Alford v. Dean Witter* is no longer well-established law. It was specifically abrogated by the U.S. Supreme Court in *Smith v. Spizzirri* on May 16, 2024. 601 U.S. 472 (2024). In *Smith*, the Supreme Court held that when a district court finds that a lawsuit involves an arbitrable claim and a party requests a stay, the Federal Arbitration Act (FAA) dictates that the court must issue a stay rather than a dismissal. *Id.*, 601 U.S. at 478-79. Here, while no party has requested a stay, the undersigned recommends that the lawsuit be stayed pending the resolution of the arbitration. As pointed out by the Court in *Smith*, staying a suit comports with the supervisory role that the FAA envisions for the court. *See, Marquez v. U.S. Foods, Inc.*, No. 3:23-cv-2455-K, 2024 WL 3625674, at *8 (N.D. Tex. July 31, 2024) (finding that a stay is preferable to dismissal under *Smith v. Spizzirri* even when plaintiff did not request a stay).

### III.   CONCLUSION

As an initial matter, Plaintiff did not respond or argue that the arbitration agreement was invalid or did not cover the claim she asserts. After conducting the appropriate analysis of the provisions of the arbitration agreement, the court finds that the dispute falls within its scope. The undersigned concludes that Defendant's motion to dismiss under Rule 12(b)(6) should be decided

5

by the arbitrator and that this case should be stayed rather than dismissed following the U.S. Supreme Court's opinion in *Smith v. Spizzirri*.

## IV.   RECOMMENDATION

The undersigned therefore recommends that Defendant's Motion to Dismiss Plaintiff's Original and Supplemental Complaints and Compel Arbitration (doc. #17), be GRANTED in part, and DENIED in part. The court should GRANT Defendant's motion and compel the parties to submit the claims to arbitration pursuant to the terms of the Arbitration Agreement. The court should DENY Defendant's motion to dismiss under Rule 12(b)(6) as MOOT. Defendant is free to raise the same arguments in arbitration and finally, the court should STAY this proceeding pending resolution of the arbitration.

## V.   OBJECTIONS

Objections to this Report and Recommendation must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). Objections, pursuant to the Local Rules are limited to eight (8) pages.

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. 636(b)(1).

**SIGNED this the 9th day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE